1  JOSH COLE AICKLEN
   Nevada Bar No. 007254
2     E-Mail: aicklen@lbbslaw.com
   DAVID B. AVAKIAN
3  Nevada Bar No. 009502
      E-Mail: avakian@lbbslaw.com
4

5  **LEWIS BRISBOIS BISGAARD**
   **& SMITH LLP**
6  400 South Fourth Street
   Suite 500
7  Las Vegas, Nevada 89101
   (702) 893-3383
8  FAX: (702) 893-3789

9  Attorneys for Defendant, JANINE SHIELDS

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONTGOMERY CARL AKERS, CASINO ASSOCIATES, INC., EL DORADO CASINO MANAGEMENT, INC., RANDY LYDIC, TROY WHEELER,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES KESZEI, STEVEN STUCKER, TERRI DOE, NICHOLAS VOULGARIS, J. SHIELDS,<br><br>Defendants. | CASE NO. 2:07-cv-00572-JCM-GWF |

**DEFENDANT JANINE SHIELDS' MOTION TO DISMISS**
**PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) and FRCP 4(m)**

Defendant, JANINE SHIELDS (hereinafter "SHIELDS") by and through her attorneys of record, Josh Cole Aicklen, Esq. and David B. Avakian, Esq. of LEWIS BRISBOIS BISGAARD & SMITH LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiffs' Complaint against SHIELDS in the above action, for failure to state a claim upon which

4848-4708-1475.1

relief can be granted. SHIELDS further moves for dismissal for lack of service pursuant to The Court's May 21, 2008 Order and FRCP 4(m).

This Motion is made and based upon the following Memorandum of Points and Authorities, any attached Exhibits, the pleadings and papers on file in this matter, as well as upon any oral argument the court may entertain at the hearing on this Motion.

Dated this 28th day of January, 2009.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Josh Cole Aicklen, Esq.
Nevada Bar No. 007254
David B. Avakian, Esq.
Nevada Bar No. 009502
400 South Fourth Street
Suite 500
Las Vegas, Nevada 89101
(702) 893-3383
Attorneys for Defendant, JANINE SHIELDS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

This action arises out of an incident where Plaintiff, MONTGOMERY CARL AKERS ("AKERS"), alleges that his Fourth, Fifth and Fourteenth Amendment rights were violated when Defendants allegedly recorded phone calls, seized property and lied to cover it up. The allegations center around an alleged mortgage fraud scheme wherein AKERS was using Nevada law firms as a "centrifuge" for money laundering and criminal activity. As a result of his conduct, AKERS pled guilty to one count of wire fraud and was sentenced to 327 months in a federal prison.

AKERS alleges numerous violations of his Fourth and Fourteenth Amendments against Defendant JANINE SHIELDS. Ms. SHIELDS is employed at Leavenworth Detention Facility in Kansas, which is operated by Corrections Corporation of America ("CCA"), as a mail room clerk. CCA is a private, corrections corporation located in Nashville, Tennessee. According to Plaintiffs'

Complaint, JANINE SHIELDS was acting as a volunteer at her own free volition when the alleged conduct occurred. AKERS alleges SHIELDS performed these acts to ingratiate herself with an FBI agent. Based upon Plaintiff's own allegations, Ms. SHIELDS is not a federal or state actor. Therefore, Plaintiffs cannot sustain their causes of action for violations of the Fourth, Fifth or Fourteenth Amendments fail as a matter of law against Ms. SHIELDS.

## II.

## LEGAL ARGUMENT

### A. Standard of Review for Defendant's Motion to Dismiss

FRCP 12(b) provides for the filing of a Motion to Dismiss. It states in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> (6) for failure to state a claim upon which relief can be granted.

FRCP 12(b)(6).

The Court must grant a motion to dismiss if it "appears beyond doubt that [plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." Cincinnati Microwave, Inc. v. Wilson, 705 F. Supp. 1453, 1455 (D. Nev. 1989), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102 (1957). Under Rule 12 of the Federal Rules of Civil Procedure, the defense of "failure to state a claim upon which relief can be granted" may be asserted by motion. FRCP 12(b). When considering a motion to dismiss, the Court must presume that the facts which Plaintiff alleges are true. See, Collins v. Palczewski, 841 F.Supp. 333, 335 (D. Nev., 1993); California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). "Although courts assume the factual allegations to be true, courts should not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" Loyd v. Clark County Detention Center, 2006 U.S. Dist. LEXIS 93200, 7-8 (D. Nev., 2006), quoting, W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The Supreme Court has clarified its motion to dismiss jurisprudence, abandoning the accepted standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968 (2007).

The literal application of the "no set of facts" language has been rejected by the Supreme Court, and this language has been "retired." Id. at 1969. Instead, this court must determine whether Plaintiff's complaint alleges facts which make the causes of action "plausible," and not merely "conceivable" or "speculative." Id. at 1964-70. While the standard under Rule 12(b)(6) does not require detailed factual allegations, a Plaintiff must prove more than mere labels and conclusions. Twombly, 127 S.Ct. at 1955. A formulaic recitation of the elements of a cause of action is insufficient. Id. See Also Papson v. Allain, 478 U.S. 265, 286 (1986).

Specific to the instant Complaint, all or part of a Complaint filed by a prisoner may be dismissed if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable, such as claims against a Defendant <u>who is immune from suit or claims of infringement of a legal interest which clearly does not exist.</u> Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

As explained in more detail below, Defendant, JANINE SHIELDS is not a state or federal actor, nor was she acting "under the color of federal law" when she allegedly engaged in the actions set forth in Plaintiffs' Complaint. Therefore, Defendant JANINE SHIELDS respectfully requests that this Court dismiss Plaintiffs' Complaint against her in its entirety for failure to state a claim upon which relief can be granted.

**B. Counts I, II and III of Plaintiffs' Complaint for Fourth, Fifth and Fourteenth Amendment Violations Against Defendant JANINE SHIELDS Fail to State a Claim Upon Which Relief Can be Granted**

In construing Plaintiffs' Complaint on its face, Ms. SHIELDS' was not, and cannot be considered, a federal actor, or acting under the "color of federal law." Defendant, JANINE SHIELDS, is an employee of CCA, a private, for profit entity. Plaintiff, MONTGOMERY CARL AKERS, alleges that JANINE SHIELDS eavesdropped and recorded several phone calls between Mr. Akers and his attorney and alleged confederates. See Plaintiffs' Complaint, Docket No. 4, page 6. In addition, Plaintiffs allege that Ms. SHIELDS seized $117,500.00 in negotiable check instruments and further lied to cover up her actions. Id. Plaintiffs further allege that Ms.

SHIELDS was acting on her "own free volition in hopes of making a big case for Defendant Keszei and her own self-gratification." Id.

To state a claim for relief under the Bivens Doctrine, the Supreme Court has held that a violation of a person's constitutional rights by federal officers, acting under the color of federal law, gives rise to a federal cause of action for the unconstitutional conduct. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.CT. 1999, 29 L.Ed.2d 619 (1988). In analyzing the allegations that Plaintiff himself makes in the Complaint using the Bivens Doctrine, JANINE SHIELDS was not acting under the color of federal authority, but rather on her own free volition: "own free volution . . . own self-gratification." as stated in Plaintiffs' Complaint. See Plaintiff Complaint, Docket No. 4, page 6.

"[T]o act 'under color of' state law for 42. U.S.C. § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). According to the allegations of Plaintiffs' Complaint, Ms. SHIELDS was not a joint actor of the federal government, but rather a "volunteer" acting on her own accord for her own self-gratification. It is well-established case law that personal pursuits do not fall within the meaning of "color of state law." Rembert v. Holland, 735 F. Supp 733 (W.D. Mich. 1990).

In the Holland case, no state action was found where a prison guard allegedly threw a cup of urine and feces at an inmate after the inmate refused the guard's sexual advances. Id., at 733. As appalling as the alleged actions were, the Court determined that the guard was acting in pursuit of his own personal interests. Although action under color of state law may include abuse of authority and misuse of power, by simple virtue that the actor is vested by the state with the ability to commit such abuses, personal pursuits do not fall within the meaning of "color of state law." Id., at 735-736. "The fact that an officer is on or off duty, or in or out of uniform is not controlling; it is the nature of the act performed which must be scrutinized and which determines whether the officer acted under color of law." Id., at 736.

In the case at bar, Plaintiffs allege in their Complaint that JANINE SHIELDS was acting

on her own personal interests and to further her career. Therefore, according to the <u>Bivens</u> Doctrine and the holdings of the <u>Holland</u> Court, SHIELDS was not acting under the color of state or federal authority. As a result, Plaintiffs cannot maintain their causes of action for violations of the Fourth, Fifth or Fourteenth Amendments against private actor JANINE SHIELDS. Assuming, *arguendo*, that Plaintiffs can prove all of the allegations in their Complaint, there are no set of facts under which Ms. SHIELDS could be considered a federal actor for § 1983 and/or <u>Bivens</u> liability. Therefore, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint against MS. SHIELDS in its entirety **with prejudice**.

C. **Plaintiffs Complaint Should Be Dismissed For Lack of Service Pursuant to FRCP 4(m) and Violation of the Court's Order of May 21, 2008**

Plaintiffs failed to comply with the Court's order of May 21, 2008, Docket No. 37, by not serving a copy of the Summons and Complaint on Defendant JANINE SHIELDS within 120 days of the order. Magistrate Judge Foley issued an Order on May 21, 2008, which stated in pertinent part:

> **IT IS FURTHER ORDERED** that if Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Plaintiff shall complete service upon Defendants within one hundred twenty (120) days from the date this Order is entered.

<u>See</u> Docket No. 37 at page 5, lines 10-14.

Plaintiffs had up to and including September 21, 2008 to serve Defendant JANINE SHIELDS. Plaintiffs inexplicably and in direct violation of the Court's May 21, 2008 order, served Ms. SHIELDS on January 8, 2009, nearly four months late. In doing so, Plaintiffs also violated FRCP 4(m) as well, which provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within the 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, **shall dismiss** the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time of service for an appropriate period.

<u>See</u> FRCP 4(m).

The dismissal remedy set forth in FRCP Rule 4(m) is <u>mandatory</u> in nature. Once a Plaintiff has violated the provisions of the said statute, the Rule indicates that the Court "shall" dismiss the complaint. In the present case, Plaintiffs have failed to properly effectuate service on Defendant. Moreover, Plaintiffs have never filed a motion to enlarge the time for service against this Defendant nor ever provided Defendant or this Court with any evidence of a good faith reason as to why they could not properly serve Defendant.

Defendant has no other remedy but to seek an order from this Court dismissing Plaintiffs' Complaint. Therefore, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint for violation of the Court's prior order regarding service and pursuant to FRCP 4(m).

### III.
### CONCLUSION

While SHIELDS concedes that Plaintiffs might have alleged other viable causes of action, Plaintiffs cannot sustain any causes of action for alleged violations of the Fourth, Fifth or Fourteenth Amendments pursuant to 42 U.S.C.§ 1983 against JANINE SHIELDS, as she is not a state or federal actor. Predicated upon the foregoing, Defendant JANINE SHIELDS respectfully requests that this Court grant her Motion to Dismiss Plaintiffs' Complaint in its entirety.

Dated this 28th day of January, 2009.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Josh Cole Aicklen
Josh Cole Aicklen, Esq.
Nevada Bar No. 007254
David B. Avakian, Esq.
Nevada Bar No. 009502
400 South Fourth Street
Suite 500
Las Vegas, Nevada 89101
(702) 893-3383
Attorneys for Defendant, JANINE SHIELDS

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Lewis Brisbois Bisgaard & Smith LLP and that on this 28th day of January, 2009, I did cause a true copy of **DEFENDANT JANINE SHIELDS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(B)(6) and FRCP 4(m)** to be served via the CM/ECF U. S. District Court Docketing System, via service to the e-mail addressed listed by the attorneys in the CM/ECF System and to placed in the United States Mail, with first class postage prepaid thereon, and addressed as follows:

Montgomery Carl Akers
02866-081
U.S. Penitentiary - ADX
P. O. Box 8500
Florence, CO  81226
*Pro se Plaintiff*

Nicholas Voulgaris
4769 Niagara Avenue
San Diego, CA   92107
*Pro se Defendant*

Steven Strucker
214 West Robinson Street
Carson, City, Nevada 89703
*Attorney for Steven Strucker*

By  /s/ Tammy M. Meng
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP