# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,)
)
                              Plaintiff,)      Case No. 2:07-cv-00572-JCM-GWF
)
vs.)      **ORDER AND REPORT AND RECOMMENDATION**
)
JAMES KESZEI, *et al*.,)
)      Motion for Late Service (Dkt. #133)
                            Defendants.)

This matter is before the Court on Plaintiff's Motion for an Order Directing Late Service on the United States Attorney and Attorney General of the United States (Dkt. #133), filed on March 23, 2009. Defendant Keszei filed an opposition to the motion on March 25, 2009 (Dkt. #135) and Plaintiff replied on April 9, 2009 (Dkt. #142).

### DISCUSSION

On April 30, 2007, Plaintiff filed his Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #1), which the Court granted on June 19, 2007. (Dkt. #3). On May 21, 2008, the Court screened Plaintiff's Complaint and ordered the Clerk of the Court to mail Plaintiff USM-285 forms so that Plaintiff might effect service through the assistance of the U.S. Marshal's office. (Dkt. #37). In response to a motion requesting the status of service filed by Plaintiff in July 2008, the Court ordered the court clerk to send Plaintiff additional USM-285 forms. (Dkt. #62). On December 31, 2008, the U.S. Marshal's Office filed a process return notice, indicating that Defendant James Keszei had been served at the FBI office in Kansas City, Missouri. (Dkt. #94). On March 23. 2009, Plaintiff filed the present motion requesting that the Court direct the U.S. Marshal's Office to provide service of summons on the United States Attorney's Office and the Office of the Attorney General of the United States. (Dkt. #133). Defendant opposes Plaintiff's motion, arguing that Plaintiff forfeited his opportunity to obtain service on the

1  United States Attorney's Office and Attorney General of the United States due to Plaintiff's prior
2  failure to provide the U.S. Marshal's Office with the necessary information to complete that task.  (Dkt.
3  #135 at 5-6).  As a result of this failure, Defendant Keszei argues that the Court should dismiss him
4  from this matter as Plaintiff has failed to properly serve him under Fed. R. Civ. P. 4(i) and 4(m).
5  (*Id.* at 4-5).

6  Pursuant to Fed. R. Civ. P. 4(m), service of the summons and complaint must be made upon a
7  defendant within 120 days after the filing of the complaint.  If Plaintiff fails to serve a defendant within
8  that time, the Court "shall dismiss the action without prejudice as to that defendant or direct that service
9  be effected within a specified time."  Fed. R. Civ. P. 4(m) (stating, however, that "if the plaintiff shows
10 good cause for the failure, the court shall extend the time for service for an appropriate period.").  In
11 cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the
12 Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A]n incarcerated pro se
13 plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the
14 summons and complaint and . . . should not be penalized by having his action dismissed for failure to
15 effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  *Walker v.*
16 *Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th
17 Cir.1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132
18 L.Ed.2d 418 (1995).  "So long as the prisoner has furnished the information necessary to identify the
19 defendant, the marshal's failure to effect service is 'automatically good cause [to not dismiss the
20 complaint]'".  *Walker*, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th
21 Cir.1990)).  Where a pro se plaintiff fails, however, to provide the Marshal with accurate and sufficient
22 information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the
23 unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421-22; *see also Brush v. Harper*, 2009 WL
24 256380 (E.D.Cal., February 03, 2009).

25 In this instance, Plaintiff has failed to properly serve Defendant Keszei under the requirements
26 of Fed. R. Civ. P. 4(i)(1)-(2) within the allotted 120 day time period.  Plaintiff had 306 days to provide
27 proper service under Fed. R. Civ. P. 4(i)(1)-(2) before he filed the present motion.  As a result, under
28 . . .

Fed. R. Civ. P. 4(m), the Court should dismiss Defendant Keszei from this matter unless Plaintiff is able to show good cause for his delay in effecting proper service.

Plaintiff contends the delay in effecting proper service occurred because the Court did not instruct him in how to properly serve a government official under the Federal Rules of Civil Procedure. (Dkt. #142 at 2). While the Court will order the U.S. Marshal's Office to assist a pro se litigant proceeding *in forma pauperis* to effect proper service under Fed. R. Civ. P. 4(c)(3), the Court will not instruct a plaintiff on how to litigate his case or on the requirements of service under the Federal Rules of Civil Procedure. Therefore, Plaintiff has not shown good cause for his failure to properly serve Defendant Keszei and the Court will recommend Defendant Keszei be dismissed from this matter without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Directing Late Service on the United States Attorney and Attorney General of the United States (Dkt. #133) is **DENIED**.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant James Keszei should be **DISMISSED** from this action without prejudice based on Plaintiff's failure to properly serve Defendant Keszei within the time frame set forth in Fed. R. Civ. P. 4(m).

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of April, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**