# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

                Plaintiff,

vs.

JAMES KESZEI, *et al*.,

                Defendants.

Case No. 2:07-cv-00572-JCM-GWF

**ORDER**

Defendant's Motion to Compel (Dkt. #180)

     This matter is before the Court on Defendant Janine Shields' Motion to Compel Responses to Discovery Against Plaintiff Montgomery Carl Akers and Request for Sanctions (Dkt. #180), filed July 15, 2009; Plaintiff's Response to the Motion to Compel (Dkt. #184), filed July 27, 2009; and Defendant Shields' Reply to Plaintiff's Opposition to Motion to Compel (Dkt. #189), filed August 10, 2009.

**DISCUSSION**

**1.    Background**

     On April 1, 2009, Defendant Janine Shields served Requests for Production and Interrogatories on Plaintiff Montgomery Carl Akers by placing the discovery requests in the U.S. mail. (*See* Dkt. #180 at 4; Dkt. #180-2 at 10, 17). Defendant argues that, under Fed.R.Civ.P. 33(B)(2) and 34(b)(2), Plaintiff's responses were due May 4, 2009. On May 15, 2009, Plaintiff filed his responses to Defendant's Interrogatories with the Clerk of the Court. (*See* Dkt. #161). Plaintiff has not responded to Defendant's Requests for Production. (*See* Dkt. #180 at 11). Due to Plaintiff's failure to serve discovery responses on Defendant and untimely filing of his Interrogatory responses with the Court, Defendant argues that Plaintiff has waived all objections to the discovery requests. (Dkt. #180).

1    Plaintiff opposes the motion to compel, arguing he responded to Defendant's
2 Interrogatories in a timely manner. (Dkt. #184 at 2). Plaintiff is currently incarcerated at a
3 federal penitentiary in Florence, Colorado and argues that due to the delay in prison mail, he did
4 not receive Defendant's discovery requests until April 20, 2009. (*Id.*) As a result, Plaintiff
5 argues that his responses filed on May 15, 2009 were timely. (*Id.*)

**2.    Defendant Shields' Motion to Compel Interrogatory Responses**

7    Defendant Shields argues that Plaintiff should be ordered to provide substantive
8 responses to Defendant's Interrogatories without objection because Plaintiff filed his responses in
9 a untimely manner. Fed.R.Civ.P. 33(B)(4) provides that any "ground for objecting to an
10 interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection
11 is waived unless the court, for good cause, excuses the failure". The Court accepts Plaintiff's
12 representations in his opposition that he did not receive the discovery requests until April 20,
13 2009. (Dkt. #184 at 2). He responded to the discovery by filing the discovery responses with the
14 Court twenty-five (25) days later on May 15, 2009. (*See* Dkt. #161). Because Plaintiff is a pro
15 se litigant, the Court will excuse his mistaken filing of discovery responses with the Court, rather
16 than serving the responses on Defendant.

17    Defendant Shields argues that Plaintiff should be compelled to provide substantive
18 responses to Defendant's Interrogatories because Plaintiff's responses are filled with vague and
19 inappropriate objections. (Dkt. #180 at 6-7). Plaintiff responds that the objections were proper
20 because Defendant's Interrogatories sought undiscoverable personal information from Plaintiff.
21 (Dkt. #184 at 5). Under Fed.R.Civ.P. 26(b)(1) "[p]arties may obtain discovery regarding any
22 nonprivileged matter that is relevant to any party's claim or defense." "For discovery purposes,
23 relevance means only that the materials sought are reasonably calculated to lead to the discovery
24 of admissible evidence." *Eicholtz v. J.C. Penney Co., Inc.*, 2006 WL 2520321, *2 (D. Nev.
25 2006) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)). Further, "[u]nder the
26 Federal Rules, the scope of discovery is broad and discovery should be allowed unless the
27 information sought has no conceivable bearing on the case." *Jackson v. Montgomery Ward &*
28 *Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997). The court must, however, limit discovery if it

2

1  determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be
2  obtained from some other source that is more convenient, less burdensome, or less expensive; (ii)
3  the party seeking discovery has had ample opportunity to obtain the information by discovery in
4  the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
5  considering the needs of the case, the amount in controversy, the parties' resources, the
6  importance of the issues at stake in the action, and the importance of the discovery in resolving
7  the issues." Fed.R.Civ.P. 26(b)(2). The Court will examine the individual interrogatories and
8  responses to determine whether Plaintiff should be compelled to provide substantive answers:

9  **Interrogatory Nos. 1 and 2** request basic identifying personal information from Plaintiff,
10 including Plaintiff's full name; any prior names, date of birth, social security number and all
11 addresses where Plaintiff has resided for the past eight years. (Dkt. #180-2 at 3). Plaintiff
12 responds that Defendant Shields is not entitled to this information as it is private and because
13 Defendant Shields "is the offending party". Plaintiff misunderstands the purpose of discovery,
14 which is a process that exists for *both parties* to obtain information "regarding any non-
15 privileged matter that is relevant to any party's claim or defense." *See* Fed.R.Civ.P. 26(b)(1)
16 (emphasis added). Defendant is entitled to obtain information relevant to her defense through the
17 discovery process and Plaintiff's basic identifying personal information is relevant and
18 discoverable as it is reasonably calculated to lead to the discovery of admissible evidence. *See*
19 *Eicholtz*, 2006 WL 2520321, *2. Plaintiff shall substantively respond to Interrogatory Nos. 1
20 and 2.

21 **Interrogatory Nos. 4 and 13** seek information on Plaintiff's understanding of the
22 process used by inmates to make outgoing telephone calls and the process used at Leavenworth
23 Detention Center for the screening of incoming and outgoing mail and the seizure of contraband.
24 (*Id.* at 4, 6). Plaintiff objects that the discovery requests are "immaterial," that he is not an
25 employee of Leavenworth and he has no access to that information. (*Id.* at 32-33). Defendant
26 argues that the discovery requests relate to his defense against Plaintiff's allegations that
27 government agents were eavesdropping on Plaintiff and interfering with his mail. As a result,
28 Defendant's interrogatories are relevant to the defense against Plaintiff's claims and Plaintiff's

objections are improper. Similarly, while Plaintiff is not an employee of Leavenworth Detention Center, Defendant's interrogatories seek Plaintiff's personal understanding about the mail screening, contraband seizure and outgoing telephone call procedures at the detention center. Plaintiff's understanding of these procedures is relevant to Plaintiff's civil rights claims. Therefore, Plaintiff shall substantively respond to Interrogatory Nos. 4 and 13.

**Interrogatory No. 8** seeks information about any prior criminal charges filed against Plaintiff between 1996 and 2009 that led to Plaintiff's incarceration. (Dkt. #180-2 at 5). Plaintiff failed to object or answer the interrogatory in his response. (*See Id.* at 32-33). As Plaintiff failed to raise an objection in a timely manner as required by Fed.R.Civ.P. 33(B)(4), Plaintiff has waived all objections and shall substantively respond to Interrogatory No. 8.[1]

**Interrogatory No. 9** requests that Plaintiff describe the incident where Defendant Shields allegedly opened Plaintiff's mail in front of Plaintiff and discovered several checks. (*Id.* at 5). Plaintiff objects that the discovery request is "immaterial" and states that Defendant Shields has already provided defense counsel with this information. (*Id.* at 33). Plaintiff's objections are improper. The allegation that Defendant Shields opened Plaintiff's mail is central to Plaintiff's civil rights claims and Defendant is entitled to discovery in order to prepare a defense to these claims. Plaintiff shall substantively respond to Interrogatory No. 9.

**Interrogatory No. 10** requests that Plaintiff describe his involvement and business dealings with several casino businesses five years prior to and during his incarceration at Leavenworth. (*Id.* at 5). Plaintiff objects to the interrogatory as "immaterial".[2] (*Id.* at 33). As

---

[1] In his Response to Defendant's Motion to Compel (Dkt. #184), Plaintiff objects to Interrogatory No. 8 as "immaterial" and not reasonably calculated to lead to admissible evidence. (Dkt. #184 at 6). Even if the Court did not find Plaintiff had waived these objections, Plaintiff's objections are improper as his criminal history is relevant as potential impeachment evidence, and the Court would order Plaintiff to respond substantively to Interrogatory No. 8.

[2] In Plaintiff's Response to Defendant's Motion to Compel, Plaintiff attempts to raise the argument that the information requested is privileged as a trade secret under Nevada statute. (Dkt. #184 at 7). Plaintiff failed to raise this claim of privilege in a timely manner and therefore, the privilege objection is waived. *See* Fed.R.Civ.P. 33(B)(4). In addition, Plaintiff has not produced a privilege log as required when raising a privilege objection under Fed.R.Civ.

1  Plaintiff's business dealings were involved in the investigation that allegedly led to the violation
2  of his civil rights, they are relevant to Defendant's defense against Plaintiff's civil rights claims.
3  Therefore, Plaintiff's objections are improper.  Defendant is entitled to discovery on the incident
4  to prepare a defense against Plaintiff's claims, and Plaintiff shall substantively respond to
5  Interrogatory No. 10.

6  **Interrogatory No. 11** requests information about any criminal charges to which Plaintiff
7  pled guilty between 1996 and 2009, whether or not they led to incarceration.  (Dkt. #180-2 at 6).
8  Plaintiff objects that the discovery request is "immaterial".  (Dkt. #180-2 at 33).  As discussed
9  above, Plaintiff's criminal background is relevant as potential impeachment evidence.  In
10 addition, the investigation of Plaintiff's criminal conduct is at the center of Plaintiff's civil rights
11 allegations.  Therefore, Plaintiff's objection is improper as the criminal record is relevant, and
12 Plaintiff shall substantively respond to Interrogatory No. 11.

13 **Interrogatory Nos. 6 and 12** seek identification information about Plaintiff's former cell
14 mates and any arrangements with other inmates to make telephone calls or send and receive mail
15 on Plaintiff's behalf.  (Dkt. #180-2 at 4, 6).  Plaintiff objected that the requests were
16 "immaterial".  (Dkt. #180-2 at 32-33).  However, as discussed above, Plaintiff's prison mail,
17 telephone and business arrangements with other inmates and cellmates were at the center of the
18 criminal investigation into Plaintiff, which Plaintiff alleges violated his civil rights.  Therefore,
19 the information sought is relevant, and Plaintiff shall substantively respond to Interrogatory Nos.
20 6 and 12.

21 **Interrogatory Nos. 14 and 15** seek information about Plaintiff's understanding of the
22 grievance filing procedures at Leavenworth and information regarding grievances filed by
23 Plaintiff.  (Dkt. #180 at 6).  Plaintiff objects that the requests are irrelevant and that Defendant
24 already possesses the relevant information.  (Dkt. #180-2 at 33).  Plaintiff's understanding of the
25 prison grievance filing system and history of filing grievances is relevant to his lawsuit against an
26 employee of Leavenworth prison.  Therefore, the information sought is relevant to the defense of

27 ─────────────
28 26(b)(5).  Plaintiff's privilege objection is therefore additionally waived as improper.

Plaintiff's claims, and Plaintiff shall substantively respond to Interrogatory Nos. 14 and 15.

**Interrogatory No. 23** seeks information about any inmates or other parties who were working with or involved with Plaintiff in business activities while he was incarcerated. (Dkt. #180-2 at 8). Plaintiff objected that the request was "immaterial". (Dkt. #180-2 at 34). Plaintiff's business activities are at the center of the criminal investigation into Plaintiff and therefore relevant to the defense against Plaintiff's claims that the investigation violated his civil rights. Plaintiff shall substantively respond to Interrogatory No. 23.

**Interrogatory No. 24** seeks information about any business entities which Plaintiff owned or operated while incarcerated. (Dkt. #180-2 at 8). Plaintiff objected that the request was "immaterial". (Dkt. #180-2 at 34). As discussed above, Plaintiff's business activities are at the center of the criminal investigation into Plaintiff and therefore relevant to Defendant's defense against Plaintiff's claims. Plaintiff shall substantively respond to Interrogatory No. 24.

**Interrogatory No. 25** seeks information about the basis of Plaintiff's claim that the seizure of contraband sent to or from a federal detention facility violated Plaintiff's rights. (Dkt. #180-2 at 9). Plaintiff objected that Leavenworth is not a federal detention facility. (Dkt. #180-2 at 34). Defendant has a right to defend against Plaintiff's claims and know the basis of Plaintiff's civil rights claims. Therefore, Plaintiff shall substantively respond to Interrogatory No. 25.

### 3. Defendant Shields' Motion to Compel Plaintiff to Respond to Defendant's Requests for Production

Fed.R.Civ.P. 34(b)(2) requires a party served with requests for production to serve responses within thirty (30) days. Defendant Shields argues that Plaintiff should be ordered to provide substantive responses to Defendant's Requests for Production because to date Plaintiff has failed to respond in any manner. (Dkt. #180 at 11). In his response to Defendant's motion to compel, Plaintiff does not rebut Defendant's argument regarding his failure to respond to requests for production. Accordingly, the Court finds Plaintiff has failed to comply with Fed.R.Civ.P. 34(b) and that Plaintiff has waived any claims of privilege or objections to Defendant's Requests for Production. Plaintiff shall substantively respond without objection to Defendant's Requests for Production.

### 4. Defendant Shields' Motion for Sanctions

The Court finds that sanctions in the form of attorney's fees and costs under Fed.R.Civ.P. 37(A)(5)(a) are not warranted at this time. The Court notifies Plaintiff, however, that failure to comply with this Order and respond substantively to Defendant's discovery requests will result in potential sanctions under Fed.R.Civ.P. 37(b)(2), which include prohibiting Plaintiff from supporting designated claims or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against Plaintiff; or treating Plaintiff's failure to obey the order as contempt of court. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Janine Shields' Motion to Compel Responses to Discovery Against Plaintiff Montgomery Carl Akers and Request for Sanctions (Dkt. #180) is **granted in part and denied in part**, as follows:

1. Plaintiff shall provide full and complete responses to Defendant Janine Shields' Interrogatory Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 23, 24, 25 by **November 30, 2009**.

2. Plaintiff shall provide full and complete responses, without objection or claim of privilege, to Defendant Janine Shields' Requests for Production by **November 30, 2009**.

3. Defendant's requests for sanctions is **denied**.

DATED this 27th day of October, 2009.

*[signature: George Foley Jr.]*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**