# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

                Plaintiff,        Case No. 2:07-cv-00572-JCM-GWF

vs.                                      **ORDER**

JAMES KESZEI, *et al*.,

                Defendants.

       Presently before the court are the report and recommendation of Magistrate Judge Foley (Doc. # 250), filed February 16, 2010. Plaintiff Akers filed a motion for judgment on the pleadings (Doc. #239). Magistrate Judge Foley recommended denying judgment on the pleadings. (Doc. #250). Plaintiff Akers filed objections (Doc. #253) to the report and recommendation on March 11, 2010.

       Plaintiff also moved for sanctions against defendant Nicholas Voulgaris for not complying with the court's order compelling discovery by December 21, 2009 (Doc. # 220). In the report and recommendation, Magistrate Judge Foley included the court's order denying sanctions (Doc. #250). The plaintiff's objections to the report and recommendation do not focus on Judge Foley's recommendation denying judgment on the pleadings. Rather, plaintiff objects to Judge Foley's order denying sanctions. This court, therefore, will consider plaintiff's objections to the report and recommendation as a motion to reconsider Magistrate Judge Foley's order denying sanctions.

       **A.**    **Judgment on the Pleadings**

       A party may move for judgment on the pleadings "after the pleadings are closed-but early enough not to delay a trial." Fed.R.Civ.P. 12 (c). In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F. 3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*,

362 F.3d 1219, 1255 (9th Cir. 2004)).

Plaintiff's complaint alleges that defendant Voulgaris violated his rights under the due process clause of the Fourteenth Amendment by taking plaintiff's property and engaging in libelous and slanderous acts. (Doc. #4). In his answer, defendant Voulgaris denies all allegations stated against him in plaintiff's complaint (Doc. # 87). Judge Foley was correct in recommending that judgment on the pleadings is inappropriate because issues of material fact remain in dispute. Furthermore, plaintiff has not objected to the recommendation that judgment on the pleadings is not appropriate. (Doc. #253).

### B.    Motion for Sanctions

Plaintiff requests the court to reconsider Magistrate Judge Foley's order denying sanctions. (Doc. #250). On May 15, 2009, plaintiff filed his first set of requests for production of documents by Voulgaris and other defendants. (Doc. #161). After plaintiff was unsatisfied with the response from Voulgaris, plaintiff filed a motion for an order to show cause. (Doc. #204). On December 7, 2009, Magistrate Judge Foley granted in part plaintiff's motion to show cause. (Doc. # 220). Magistrate Judge Foley ordered that defendant Voulgaris respond to plaintiff's first set of discovery requests by December 21, 2009. (Doc. #220). Voulgaris responded that he was not in control of any of the documents related to plaintiff's discovery request. (Doc. #242).    Plaintiff then filed a motion for sanctions, which alleged that Voulgaris did not comply with Magistrate Judge Foley's order compelling a response to the discovery requests. (Doc. #239). Plaintiff, however, did not include any evidence as to why Voulgaris' response was inadequate. As such, Magistrate Judge Foley denied plaintiff's motion for sanctions. (Doc. #250).

Plaintiff now moves for reconsideration of the motion denying sanctions. In this motion, plaintiff submitted evidence showing that Voulgaris may be in control of the documents requsited by plaintiff, contrary to Voulgaris' response to the discovery requests. The evidence plaintiff provides is a hearing transcript from when Voulgaris testified under oath on behalf of the United States against plaintiff in the criminal trial, *United States v. Akers*, 2:07-cr-20089-KHV-JPO (D. Kan. 2006). Plaintiff is currently serving a prison term as a result of being found guilty in this criminal trial. The transcript from the criminal proceeding appears to contradict defendant Voulgaris' assertion that he is not in control of any of the documents in relation to at least four of the discovery requests.

First, in discovery request 3, plaintiff requested defendant Voulgaris to "Produce any power(s) of

2

attorney held by you authorizing you to transact any business on behalf of the plaintiff." (Doc. #161, pg. 8). In Voulgaris's testimony in *United States v. Akers*, Voulgaris stated "he sent me a Power of Attorney . . . [he] gave me Power of Attorney . . . ." (Doc. #253, ex. 1, page 29, ln. 13-19).

Second, in discovery request 15, plaintiff requested defendant Voulgaris to produce the "loss to [his] kids, money [he] lost . . ." and debt he had accrued.(Doc. #161, pg.13). While being questioned at the criminal proceeding, Voulgaris and an attorney had the following exchange: (Doc. #251, ex. 1, pg. 5, ln. 17 - pg. 6, ln. 5).

> Q: Okay. But bottom line; you don't have any records today to present to the Court regarding any losses that you suffered financial losses.
>
> A: Well, I was told I don't have to bring papers . . .
>
> Q: . . . But your answer to that is you didn't bring any paperwork forward to the Court to show what kind of losses you might have suffered
>
> A: I have those, but, no, I don't have them on me . . .

Third, in discovery request 30, plaintiff requested defendant Voulgaris to "[p]roduce the names, documentation, and any paperwork, including all contact information . . . of the 18 independent people . . . that you recruited . . . to work for casino associates." (Doc. #161, pg. 17). Voulgaris stated in his testimony "I had gathered 18 independent people and I had about three to four uncles and friends." (Doc. #253, ex. 1, pg. 14, ln. 20-23).

Fourth, in discovery request 31, plaintiff requested defendant Voulgaris to produce "all documentation . . . of the 25 + people who responded to Casino associate's ads run in the Denver Post and KC star in 2005." (Doc. #161, pg. 18). In his testimony at the criminal proceeding, Voulgaris stated that "250 people had called or more plus a couple hundred emails . . . And I have paperwork, voice mails that I took down the number and hundreds of applications that I literally worked . . . ." (Doc. #253, ex. 1, pg. 15, ln. 1-7).

. . .

. . .

. . .

For the reasons set forth above,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Magistrate Judge Foley's Report and Recommendation (Doc. #250) is AFFIRMED in its entirety.

IT IS FURTHER ORDERED that defendants' motion for judgment on the pleadings in complaint (Doc. #239) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of sanctions be remanded for review by Magistrate Judge Foley in light of the transcript submitted by plaintiff.

DATED this 24th day of June, 2010.

*[signature]*
**UNITED STATES DISTRICT JUDGE**