# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

                Plaintiff,

vs.

JAMES KESZEI, *et al.*,

                Defendants.

Case No. 2:07-cv-00572-JCM-GWF

**ORDER**

Motion for Reconsideration (#257)

This matter is before the Court on Defendant Nicholas Voulgaris' Motion for Reconsideration (#257), filed August 20, 2010 and Plaintiff's Reply to Defendant Nicholas Voulgaris' Objections to the Report and Recommendation of Magistrate Judge George W. Foley, Jr. (#259), filed September 2, 2010.[1]

## BACKGROUND

On February 16, 2010, the undersigned issued an order denying Plaintiff Montgomery Carl Akers' Motion for Sanctions (#239) against Defendant Nicholas Voulgaris. (#250).[2] The Court found that Plaintiff had not offered sufficient evidence to demonstrate that Voulgaris had not adequately responded to Plaintiff's discovery requests and therefore sanctions were not merited at that time. (*Id.*)

---

[1] Plaintiff did not specifically file a response to Defendant's Motion for Reconsideration (#257), but Plaintiff's Objections to the Report and Recommendation (#259) substantively opposes the relief requested by Defendant in the motion for reconsideration. As a result, the Court construes Plaintiff's objections (#259) to include a response to the motion for reconsideration.

[2] Plaintiff filed his motion for sanctions in conjunction with a motion for judgment on the pleadings. (*See* #239). As a result, the Court's order denying the motion for sanctions was combined with a recommendation that Plaintiff's Motion for Judgment on the Pleadings should be denied. (#250).

Akers filed a motion for reconsideration[3] of the Court's order denying Plaintiff's request for sanctions. (#253). As part of the motion, Plaintiff attached additional evidence that he had not previously submitted to the Court in support of his request for sanctions against Defendant Voulgaris. (*Id.*) The evidence consisted of portions of a hearing transcript from Akers' criminal trial.[4] (*Id.*) In the criminal trial transcript, Voulgaris testified that he was in possession of various documents related to the present action. Upon review of Plaintiff's discovery requests, Judge Mahan found the documents that Voulgaris testified to being in his possession during the prior criminal trial appeared to be responsive to the discovery requests served upon him by Plaintiff in the current action. (*Id.*) In light of this evidence, Judge Mahan remanded the Motion for Sanctions (#239) to Magistrate Judge Foley for reconsideration in conjunction with the transcripts. (#254).

On August 20, 2010, the Court reconsidered Plaintiff's Motion for Sanctions (#239) in light of the new transcript evidence submitted by Plaintiff. (#255). The Court found Defendant Voulgaris testified at Akers' criminal trial that he was in possession of relevant documents. (*Id.*) In addition, the Court found that Defendant Voulgaris failed to respond to Plaintiff's motion for sanctions (#239) and failed to sufficiently demonstrate to the Court that he was no longer in possession of any documents that would be responsive to Plaintiff's discovery requests. (#255). As a result, the Court granted Plaintiff's Motion for Sanctions. (*Id.*) As Voulgaris had consistently chosen not to participate in discovery, the Court recommended that the District Judge strike his answer and enter his default. (*Id.*)

Voulgaris now requests that this Court reconsider the August 20 Order and Report and Recommendation on Plaintiff's Motion for Sanctions. (#257). In support of the present motion, Defendant contends that he previously submitted a notarized affidavit stating that he "had no

---

[3] While Plaintiff's motion was entitled "Plaintiff's Response to the Report and Recommendations by the Magistrate Judge Regarding Plaintiff's Motions Doc. 220 and 239," the motion did not object to Judge Foley's recommendation that Plaintiff's motion for judgment on the pleadings be denied. (*See* #253). Instead, Akers requested that the District Judge reconsider Magistrate Judge Foley's order denying Plaintiff's motion for sanctions. (*Id.*) As a result, the District Judge treated the "Response to the Report and Recommendation" as a Motion for Reconsideration of the Order Denying Plaintiff's Motion for Sanctions. (#254 at 1).

[4] *United States v. Akers*, 2:04-cr-20089-KHV-JPO (D. Kan. 2006).

1  documents in his possession or control" responsive to Plaintiff's discovery requests. (*Id.*) Defendant
2  further explains that he was in possession of relevant documents, but discarded these papers in 2006
3  after being told by the FBI that he no longer needed to store them. (*Id.*) Based on this new explanation,
4  Defendant argues that the Court should reconsider it's August 20, 2010 Order and Findings and
5  Recommendations.

## DISCUSSION

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

Defendant Voulgaris requests that the Court reconsider its imposition of sanctions against him in light of his representation to the Court that the documents at issue were discarded in 2006. (#257). In light of this explanation and Defendant's previously submitted affidavit attesting to the fact that he is not in possession or control of the documents (#197), the Court finds that a manifest injustice would result from sanctioning Defendant when he was unable to comply with the Court's order compelling him to produce documents. (#195). Both Plaintiff and Defendant are *pro se* litigants. Although Defendant should have responded in a timely manner to Plaintiff's motion for sanctions, the Court concludes that Plaintiff's claim against Defendant should be decided on the merits. Accordingly,

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Defendant Nicholas Voulgaris' Motion for Reconsideration (#257) is **granted**. The Court hereby **vacates** its August 20, 2010 Order and Report and Recommendation (#255).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions against Defendant Nicholas Voulgaris (#239) is **denied**.

DATED this 7th day of October, 2010.

*George Foley Jr.*
_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**