1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,                    )
                                          )
                        Plaintiff,        )       Case No. 2:07-cv-00572-JCM-GWF
                                          )
vs.                                       )       **ORDER**
                                          )
JAMES KESZEI, *et al*.,                   )
                                          )
                        Defendants.       )
_____ )

Presently before the court is plaintiff Akers' motion for temporary restraining order ("TRO"). (Doc. #297). Plaintiff has also filed a motion for evidentiary hearing on the TRO. (Doc. #299).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

In the motion for TRO, plaintiff alleges (1) that he is being denied meaningful communications with his attorney, and (2) the "CTU" staff have been confiscating his domestic and legal mail and emails. Although plaintiff has not requested any specific relief in the motion, he has attached his own emails and letters to various government staff requesting contact with his attorney and access to his mail. However, there is no evidence indicating that any of these requests have been denied, and the court is unable to conclude that plaintiff has demonstrated either a likelihood of success on the merits or a likelihood of irreparable injury if preliminary relief is not granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for TRO (doc. #297) be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that plaintiff's motion for an evidentiary hearing on the TRO (doc. #299) be, and the same hereby is, DENIED.

DATED this 5th day of August, 2011.


**UNITED STATES DISTRICT JUDGE**

2