# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS, *et al.*,

        Plaintiffs,

v.

JAMES KESZEI, *et al.*,

        Defendants.

2:07-CV-00572-JCM-GWF

**ORDER**

    Presently before the court is plaintiff Akers' renewed *pro se* motion for a temporary restraining order ("TRO"). (Doc. #310). Plaintiff has also filed a motion for an evidentiary hearing for a permanent injunction. (Doc. #311).

    Pursuant to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

    On August 5, 2011, the court denied substantially similar TRO and evidentiary hearing motions filed by the plaintiff. (Doc. #300). In its order, the court noted that plaintiff failed to request specific relief and that plaintiff had not demonstrated a likelihood of success on the merits or a likelihood of irreparable injury. (Doc. #300). Plaintiff's appeal of this order is currently pending at the Ninth Circuit. (Doc. #303).

1  Plaintiff has now filed the instant motion, including changes intended to address the
2 deficiencies identified in his earlier motion. (*See* Doc. #310). Plaintiff has attached several
3 documents that purportedly substantiate his claims. (Doc. #310). Further, he has included three
4 requests for specific relief: (1) a TRO preventing the Federal Bureau of Prisons from wrongfully
5 interfering with his financial communications, (2) an order for the Federal Bureau of Prisons to
6 show cause for its alleged interference, and (3) an evidentiary hearing for a proposed permanent
7 injunction. (Doc. #310).

8  Plaintiff alleges that the Federal Bureau of Prisons is interfering with his financial
9 communications. (Doc. #310). Specifically, plaintiff asserts that prison authorities are intercepting
10 plaintiff's outgoing mail to Wachovia/Wells Fargo. (Doc. #310). Plaintiff argues that this
11 interference has prevented him from retaining the attorney of his choice. (Doc. #310). Plaintiff also
12 asserts that an unknown agent has removed $140,000 from his account since he arrived at prison.
13 (Doc. #310). Plaintiff has not connected this allegation to any conduct by the prison authorities,
14 and the issue is apparently unrelated to the instant motion.

15  The crux of plaintiff's argument is that he does not have access to his existing bank account
16 to pay the retainer fee for the attorney of his choice. However, all of the exhibits provided by
17 plaintiff refer to payments into plaintiff's bank account, not payments from the account. In other
18 words, plaintiff has not shown that he has made any attempt to make payments from his bank
19 account to retain the lawyer; he has only attempted to get deposits into his account. This fact
20 supports the Federal Bureau of Prisons' stated reason for its refusal to deliver plaintiff's mail:
21 "[i]nmates are precluded from starting, operating or participating in a business while incarcerated."
22 (Doc. #310, Ex. #1). Therefore, plaintiff has not demonstrated a likelihood of success on the
23 merits. *See Winter*, 555 U.S. at 20.

24  Further, even assuming that plaintiff is attempting to organize payments into his account for
25 the sole purpose of paying the attorney retainer fee, plaintiff has not demonstrated a likelihood of
26 irreparable injury. *See id.* If plaintiff actually has a source of funds ready, willing, and able to
27 contribute to plaintiff's retainer payment, there is no reason the funds have to go through plaintiff's
28 bank account. The source could pay the retainer fee directly to the attorney on plaintiff's behalf.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's renewed motion for TRO (doc. #310) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for an evidentiary hearing for a permanent injunction (doc. #311) be, and the same hereby is, DENIED.

DATED: August 30, 2011.

_____
UNITED STATES DISTRICT JUDGE