# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

               Plaintiff,

vs.

JAMES KESZEI, *et al.*,

               Defendants.

Case No. 2:07-cv-00572-JCM-GWF

**ORDER**

Presently before the court is the defendant James Keszei's motion to dismiss plaintiff Montgomery Carl Akers' amended complaint. (Doc. #325). Akers has filed an opposition (doc. #348), to which the government has replied (doc. #355).

Also before the court is the report and recommendation of Magistrate Judge George W. Foley (doc. #372) regarding defendant's motion to revoke plaintiff's *in forma pauperis* status (doc. #324).

**I.  Background**

Akers is a federal prisoner incarcerated in United States Penitentiary Marion, Illinois, and is proceeding pro se. Akers filed his initial complaint on April 30, 2007, alleging that the defendants interfered and disrupted his business operations resulting in a large monetary loss in violation of Akers' Fourth, Fifth and Fourteenth Amendment rights. On June 1, 2009, defendant Keszei was dismissed from this action based on lack of service. Doc. #168. Akers then sought leave of court to file an amended complaint, adding defendant Keszei, doc. #264, which was granted on December 1, 2010. Doc. #272.

. . .

. . .

. . .

After almost a year of attempting service on defendant Keszei, on September 27, 2011, defendant Keszei filed a notice of waiver of defense of insufficient service of process, and subsequently answered Akers' amended complaint with the filing of a motion to revoke Akers' in forma pauperis status and motion to dismiss the amended complaint on October 4, 2011.  Docs. #324 and #325.

**II.     Discussion**

   Motion to Dismiss

   *1.     Claims Alleged Against Defendant Keszei as an Official of the United States*

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss an action for "lack of jurisdiction over the subject matter."  The court must accept all of the factual allegations of the complaint as true and ask whether the allegations state a claim sufficient to survive a motion to dismiss. *United States v. Gaubert,* 499 U.S. 315, 327 (1991); *Berkovitz v. United States,* 486 U.S. 531, 540 (1988).  Furthermore, pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."  In so doing, courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

The law of this circuit holds that no tort claims raised pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), can be made against federal officials who are sued in their official capacity. *Ibrahim v. Dept. of Homeland Security,* 538 F.3d 1250, 1257 (9th Cir. 2008) ("[N]o *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities."); *Consejo de Desarollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir. 2007) (*Bivens* action for violation of constitutional rights may only be maintained against defendant sued in individual capacity, not official capacity, because latter is another way of pleading claim against United States, which is barred by sovereign immunity).

Here, Akers has sued defendant Keszei in both Keszei's individual, as well as official, capacities.  Pursuant to *Ibrahim* and *Consejo de Desarollo*, no claim for relief can be stated against defendant Keszei in his official capacity, because such claims are barred by the doctrine of sovereign immunity.  Accordingly, this court must dismiss all such claims pursuant to Rule 12(b)(1) and 12(b)(6).

        *2.      Claims Alleged Against Defendant Keszei as an Individual*

Where there is no governing federal statute regarding personal jurisdiction, a district court must apply the personal jurisdiction law of the state in which it sits. *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1110 (9th Cir. 2002). Nevada's long-arm statute is coextensive with the United States Constitution's due process requirements, *Welburn v. Eighth Judicial Dist. Ct.,* 806 P.2d 1045, 1046 (Nev. 1991), thus this court analyzes personal jurisdiction pursuant to federal due process standards. *Global Verge, Inc. v. Rodgers,* 2011 WL 70611 *2 (D. Nev. 2011).

Of the two forms of personal jurisdiction, only specific jurisdiction is at issue in the present case, because it is not alleged that defendant Keszei has continuous and systematic contact with Nevada. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Even if no general jurisdiction exists over defendant Keszei in Nevada, the courts of this state may still exercise personal jurisdiction over him if the case arises out of forum-related acts. *See id.* "This 'specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.* (citing *Cybersell, Inc. v. Cybersell, Inc.*, 120 F.3d 414, 416 (9th Cir. 1997)).

To meet the purposeful availment prong of the specific jurisdiction test, a defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998). Here, the complaint alleges that defendant Keszei committed intentional acts, yet fails to allege that these acts were expressly aimed at Nevada. In *Bancroft & Masters*, the Ninth Circuit explained "express aiming" "is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. *Bancroft & Masters*, 223 F.3d at 1087.

This court does not find that defendant has purposefully directed his activities toward Nevada. Plaintiff's alleges that defendant Keszei's allegedly wrongful actions

occurred in and after 2006. During the relevant time period, plaintiff was incarcerated in Leavenworth, Kansas (July 2004 to December 2006), Oklahoma City, Oklahoma (December 2006 to February 2007) and

3

Florence, Colorado (February 2007 to at least August 2011).  Defendant Keszei conducted his activities from the Kansas City, Missouri office of the FBI.  Accordingly, all of defendant Keszei's actions took place outside of Nevada and all harms allegedly experienced by plaintiff were similarly experienced outside of Nevada.  On these facts, the court must find that defendant Keszei did not expressly aim any intentional acts at the forum state.  Accordingly, the purposeful availment prong of the specific jurisdiction analysis is not met, and therefore specific jurisdiction is lacking.

<u>Motion to Revoke Plaintiff's *In Forma Pauperis Status*</u>

The magistrate judge recommends the court revoke plaintiff's *in forma pauperis* status because the plaintiff has violated the "three strikes provision" of the Prisoner Litigation Reform Act, by filing at least three frivolous actions.  *See* § 28 U.S.C. 1915(g).

Plaintiff has objected to the magistrate judge's report,[1] largely disputing the factual findings supporting the magistrate judge's ultimate recommendation.  (Doc. #376).  However, plaintiff fails to provide any documentation supporting his contentions.

On the record before it, the court agrees that plaintiff has engaged in a pattern of filing frivolous and otherwise abusive lawsuits.  The court adopts the magistrate judge's recommendation.

Therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that defendant Keszai's motion to dismiss for lack of personal jurisdiction (doc. #325) be, and the same hereby is, DISMISSED.  Defendant Keszai is therefore dismissed from this suit.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Keszai's motion to revoke plaintiff's *in forma pauperis* status (doc. #324) be, and the same hereby is, GRANTED.  Plaintiff

---

[1] Plaintiff has also filed a motion seeking to stay these proceedings and vacate the current date by which he must file objections to the report and recommendation.  (Doc. #375).  Subsequent to filing this motion, plaintiff filed his objections to the report and recommendation.  Accordingly, the court considers plaintiff's motion seeking a stay and requesting the court to vacate the objection date as moot.  The court also notes that part of the reason plaintiff requests a stay is to file a motion for documents in the District of Colorado.  However, plaintiff has been restricted from filing pro se actions in the District of Colorado.  *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995); *aff'd* 100 F. 3d 967 (10th Cir. 1996).

has until May 2, 2012, to pay the $350.00 filing fee. The court cautions plaintiff that it will not grant any extensions of time for plaintiff to pay the fee. Failure to pay will result in the court dismissing plaintiff's complaint with prejudice.

     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion seeking a stay (doc. #375) be, and the same hereby is, DENIED as moot.

     DATED April 18, 2012.

_____
**UNITED STATES DISTRICT JUDGE**