# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

                Plaintiff,

vs.

JAMES KESZEI, *et al.*,

                Defendants.

Case No. 2:07-cv-00572-JCM-GWF

**ORDER**

      Presently before the court is plaintiff Montgomery Carl Akers' motion to recuse the undersigned and Magistrate Judge George W. Foley from this case. (Doc. #386).

      The motion appears incomplete. After three pages of argument, and mid-sentence, it abruptly jumps to plaintiff's certificate of service and supporting exhibits. Nonetheless, from the argument and exhibits supplied, the court can glean the primary thrust of plaintiff's motion. Apparently, plaintiff seeks recusal of the judges assigned to this case because they are allegedly biased and partial to the government defendants. Furthermore, though the motion does not expressly ask for it, it appears that plaintiff also seeks reconsideration of this court's order revoking plaintiff's IFP status on the grounds that plaintiff has now uncovered a complaint that establishes that he was not incarcerated at the time he filed one of the suits this court counted for purposes of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

**1.  Motion to Recuse**

      The court interprets plaintiff's motion for recusal as being brought pursuant to 28 U.S.C. § 455. Under § 455, the presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581

1  F.2d 735, 867–68 (9th Cir. 1978). Section 455(a) is broad, requiring recusal "in any proceeding in which
2  [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv.*
3  *Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

4  However, § 455 recusal is not unlimited – the source of any alleged bias must be extrajudicial.
5  *Liteky v. United States*, 510 U.S. 540 (1994). Judicial bias or prejudice formed during current or prior
6  proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or
7  antagonism that would make fair judgment impossible." *Id.* at 541; *Pesnell*, 543 F.3d at 1044. Thus,
8  judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at
9  555.

10  Here, plaintiff lacks a reasonable, factual basis for questioning either judge's impartiality. Plaintiff
11  cites the fact that both judges disregarded his "sworn statement" regarding his previous litigation history
12  and that he was not incarcerated at the time he filed the complaint in *Akers v. Sandoval*, No. 94-B-2445 in
13  the United States District Court for the District of Colorado. However, plaintiff had since October 4, 2011
14  (when the motion to revoke his *in forma pauperis* status was first filed) to gather any materials he needed
15  to rebut accusations that he violated the PLRA's "three strikes" requirement. Even if plaintiff claims that
16  he was not on notice that the *Sandoval* case was at issue in October, then he had since at least February 7,
17  2012, when the magistrate judge issued the order to show cause, which specifically cited *Sandoval*, to
18  gather the appropriate documents. Nonetheless, plaintiff failed to provide any documentation to this court
19  until after his several deadlines (including extensions) came and went. It was not until plaintiff filed the
20  instant motion that he finally provided the court with documents that purport to negate the inference that
21  the *Sandoval* case counts under the PLRA's "three strikes" provision. Pursuant to plaintiff's repeated
22  failure to provide the court with documents regarding *Sandoval*, there was no obligation by either judge to
23  place credence on plaintiff's sworn affidavit.

24  Plaintiff's charge that the undersigned exhibited bias by failing to give plaintiff a 30-day extension
25  to procure the *Sandoval* complaint is similarly without merit. As explained above, plaintiff had at least 55
26  days, and at the most, 118 days to request a copy of his complaint from the Colorado court. He chose to
27  wait until the last minute to seek an extension of his deadline so that he could retrieve this information.
28  The court, rather than deny the request outright, granted plaintiff two additional weeks to supply the

complaint. The complaint never arrived.

Accordingly, these rulings do not support plaintiff's charges of bias or favoritism. Indeed, plaintiff cites no extra-judicial facts indicating a "deep-seated favoritism or antagonism," *Liteky*, 510 U.S. at 541, and plaintiff's other unsupported allegations fail to evidence bias. Recusal under 28 U.S.C. § 455(a) is not necessary in this case.

**2.    Motion for Reconsideration**

Plaintiff's recusal motion includes as an exhibit an order from the District of Colorado attaching plaintiff's *Sandoval* complaint. Plaintiff alleges that the address affixed to the complaint establishes that plaintiff was not incarcerated when he filed the complaint, and therefore it should not be counted pursuant to the PLRA's "three strikes" provision. While this court would be inclined to reconsider its order adopting the report and recommendation to revoke plaintiff's *in forma pauperis* status, which was based, in part, on the *Sandoval* case, it cannot now do so.

Plaintiff has appealed this court's order revoking *in forma pauperis* status. Plaintiff's appeal has divested this court of jurisdiction to reconsider that order. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (once a notice of appeal is filed "jurisdiction over the matter being appealed normally transfers from the district court to the appeals court."); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Accordingly, this court no longer has jurisdiction over the question of plaintiff's *in forma pauperis* status and cannot revisit its prior ruling. The court will await the determination of the Ninth Circuit. In the meantime, the court notes that plaintiff failed to pay the court-ordered filing fee to maintain this cause of action. As such, the case will be administratively closed pending any further notice on plaintiff's *in forma pauperis* status from the appellate court.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to recuse (doc. #386) be, and the same hereby is, DENIED.

1     IT IS FURTHER ORDERED that the clerk of the court administratively close this case due to
2 plaintiff's failure to pay the appropriate filing fee.
3     DATED May 17, 2012.

*[signature]*
**UNITED STATES DISTRICT JUDGE**