1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6                    **DISTRICT OF NEVADA**

7

8    MONTGOMERY CARL AKERS,                    )
                                               )
9                          Plaintiff,          )        Case No. 2:07-cv-00572-JCM-GWF
                                               )
10   vs.                                       )        **ORDER**
                                               )
11   JAMES KESZEI, *et al.*,                   )
                                               )
12                         Defendants.         )
     _____ )

13

14          Presently before the court is plaintiff Montgomery Carl Akers' motion to recuse the undersigned

15   and Magistrate Judge George W. Foley from this case.  (Doc. #386).

16          The motion appears incomplete.  After three pages of argument, and mid-sentence, it abruptly jumps

17   to plaintiff's certificate of service and supporting exhibits.  Nonetheless, from the argument and exhibits

18   supplied, the court can glean the primary thrust of plaintiff's motion.  Apparently, plaintiff seeks recusal

19   of the judges assigned to this case because they are allegedly biased and partial to the government

20   defendants.  Furthermore, though the motion does not expressly ask for it, it appears that plaintiff also seeks

21   reconsideration of this court's order revoking plaintiff's IFP status on the grounds that plaintiff has now

22   uncovered a complaint that establishes that he was not incarcerated at the time he filed one of the suits this

23   court counted for purposes of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"),

24   28 U.S.C. § 1915.

25   **1.      Motion to Recuse**

26          The court interprets plaintiff's motion for recusal as being brought pursuant to 28 U.S.C. § 455.

27   Under § 455, the presiding judge determines whether recusal is warranted.  *United States v. Azhocar*, 581

28

1   F.2d 735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal "in any proceeding in which

2   [a judge's] impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *Liljeberg v. Health Serv.*

3   *Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

4        However, § 455 recusal is not unlimited – the source of any alleged bias must be extrajudicial.

5   *Liteky v. United States*, 510 U.S. 540 (1994).  Judicial bias or prejudice formed during current or prior

6   proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or

7   antagonism that would make fair judgment impossible."  *Id.* at 541; *Pesnell*, 543 F.3d at 1044.  Thus,

8   judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at

9   555.

10       Here, plaintiff lacks a reasonable, factual basis for questioning either judge's impartiality.  Plaintiff

11  cites the fact that both judges disregarded his "sworn statement" regarding his previous litigation history

12  and that he was not incarcerated at the time he filed the complaint in *Akers v. Sandoval*, No. 94-B-2445 in

13  the United States District Court for the District of Colorado.  However, plaintiff had since October 4, 2011

14  (when the motion to revoke his *in forma pauperis* status was first filed) to gather any materials he needed

15  to rebut accusations that he violated the PLRA's "three strikes" requirement.  Even if plaintiff claims that

16  he was not on notice that the *Sandoval* case was at issue in October, then he had since at least February 7,

17  2012, when the magistrate judge issued the order to show cause, which specifically cited *Sandoval*, to

18  gather the appropriate documents.  Nonetheless, plaintiff failed to provide any documentation to this court

19  until after his several deadlines (including extensions) came and went.  It was not until plaintiff filed the

20  instant motion that he finally provided the court with documents that purport to negate the inference that

21  the *Sandoval* case counts under the PLRA's "three strikes" provision.  Pursuant to plaintiff's repeated

22  failure to provide the court with documents regarding *Sandoval*, there was no obligation by either judge to

23  place credence on plaintiff's sworn affidavit.

24       Plaintiff's charge that the undersigned exhibited bias by failing to give plaintiff a 30-day extension

25  to procure the *Sandoval* complaint is similarly without merit.  As explained above, plaintiff had at least 55

26  days, and at the most, 118 days to request a copy of his complaint from the Colorado court.  He chose to

27  wait until the last minute to seek an extension of his deadline so that he could retrieve this information.

28  The court, rather than deny the request outright, granted plaintiff two additional weeks to supply the

1   complaint. The complaint never arrived.

2       Accordingly, these rulings do not support plaintiff's charges of bias or favoritism. Indeed, plaintiff

3   cites no extra-judicial facts indicating a "deep-seated favoritism or antagonism," *Liteky*, 510 U.S. at 541,

4   and plaintiff's other unsupported allegations fail to evidence bias. Recusal under 28 U.S.C. § 455(a) is not

5   necessary in this case.

6   **2.   Motion for Reconsideration**

7       Plaintiff's recusal motion includes as an exhibit an order from the District of Colorado attaching

8   plaintiff's *Sandoval* complaint. Plaintiff alleges that the address affixed to the complaint establishes that

9   plaintiff was not incarcerated when he filed the complaint, and therefore it should not be counted pursuant

10   to the PLRA's "three strikes" provision. While this court would be inclined to reconsider its order adopting

11   the report and recommendation to revoke plaintiff's *in forma pauperis* status, which was based, in part, on

12   the *Sandoval* case, it cannot now do so.

13       Plaintiff has appealed this court's order revoking *in forma pauperis* status. Plaintiff's appeal has

14   divested this court of jurisdiction to reconsider that order. *See Mayweathers v. Newland*, 258 F.3d 930, 935

15   (9th Cir. 2001) (once a notice of appeal is filed "jurisdiction over the matter being appealed normally

16   transfers from the district court to the appeals court."); *see also Griggs v. Provident Consumer Discount

17   Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the

18   court of appeals and divests the district court of its control over those aspects of the case involved in the

19   appeal.").

20       Accordingly, this court no longer has jurisdiction over the question of plaintiff's *in forma pauperis*

21   status and cannot revisit its prior ruling. The court will await the determination of the Ninth Circuit. In

22   the meantime, the court notes that plaintiff failed to pay the court-ordered filing fee to maintain this cause

23   of action. As such, the case will be administratively closed pending any further notice on plaintiff's *in

24   forma pauperis* status from the appellate court.

25       Therefore,

26       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to recuse (doc.

27   #386) be, and the same hereby is, DENIED.

28

1    IT IS FURTHER ORDERED that the clerk of the court administratively close this case due to

2 plaintiff's failure to pay the appropriate filing fee.

3    DATED May 17, 2012.

4

5

6    _____

7    **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4