1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,                      )
                                            )
                              Plaintiff,    )        Case No. 2:07-cv-00572-JCM-GWF
                                            )
vs.                                         )        **ORDER**
                                            )
JAMES KESZEI, *et al.*,                     )
                                            )
                              Defendants.   )
_____)

Presently before the court is plaintiff Montgomery Carl Akers' motion to recuse the undersigned and Magistrate Judge George W. Foley from this case.  (Docs. #392 and #393).

Plaintiff has filed the instant motion because this court's previous order denying recusal alerted him to the fact that several pages from the motion were missing.  As this court's order explained, the previous motion abruptly jumped to the certificate of service after only three pages of argument.  Despite this court taking the opportunity to alert the plaintiff of the misfiling, thereby opening the door to his filing a renewed motion, plaintiff accuses the court of purposefully removing the pages from the prior motion  having the motion entered on the court's docket.  Leaving aside the fact that the court does not have any notice of a motion until *after* the motion is docketed, had this court wanted to engage in such underhanded tactics, obviously it would not have told the plaintiff that his motion was incomplete.

Furthermore, the court notes that the present filing is also incomplete.  The motion (doc. #392) attaches as an exhibit what purports to be the complete text of the previous motion seeking recusal (doc. #386).  Plaintiff has provided this exhibit to supply the court with the previously omitted pages.  The exhibit, however, contains only the first five pages of the previous motion.  Page six and the footnotes are missing.  Thus once more, plaintiff has failed to properly file his documents.

1   Regardless, the court will proceed to determine the merits of the present motion to recuse.  Pursuant

2   to 28 U.S.C. § 455, the presiding judge determines whether recusal is warranted.  *United States v. Azhocar*,

3   581 F.2d 735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal "in any proceeding in

4   which [a judge's] impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *Liljeberg v. Health*

5   *Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

6   However, § 455 recusal is not unlimited – the source of any alleged bias must be extrajudicial.

7   *Liteky v. United States*, 510 U.S. 540 (1994).  Judicial bias or prejudice formed during current or prior

8   proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or

9   antagonism that would make fair judgment impossible."  *Id.* at 541; *Pesnell*, 543 F.3d at 1044.  Thus,

10  judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at

11  555.

12  Here, plaintiff argues that the previously omitted pages argued that the undersigned and Magistrate

13  Judge Foley "are extrajudicially involved with a zionist [sic] jewish [sic] organization called the 'American

14  Israeli Political Affairs Committee."  Mot. at 2:1-2.[1]  Supposedly, the judges assigned to this civil action

15  are engaging in ex-parte communications with the assistant United States attorney who is prosecuting

16  plaintiff's criminal case.  Plaintiff alleges that the AUSA is a member of AIPAC and "us[ing] her [J]ewish

17  religion to cover for her bad acts as an assistant [U]nited [S]tates attorney."  Mot. at pg. 7, n. 2.  Thus, it

18  appears that the plaintiff is alleging that a purported common membership in "AIPAC" between the judges

19  and the AUSA has resulted in extra-judicial bias.  The court finds these unfounded allegations as illogical,

20  incoherent, and fantastic.

21  The court fails to find any extra-judicial facts indicating a "deep-seated favoritism or antagonism."

22  *Liteky*, 510 U.S.  at 541.  Recusal under 28 U.S.C. § 455(a) is not necessary in this case.

23  . . .

24  . . .

25  . . .

26

27  ──────────────

28  [1] The plaintiff also raises other arguments as to why the undersigned should recuse
himself, however, these arguments were addressed by this court's previous order.

2

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to recuse (doc. #392) be, and the same hereby is, DENIED.

DATED June 6, 2012.

_____
UNITED STATES DISTRICT JUDGE