# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONTGOMERY CARL AKERS,

                Plaintiff,        Case No. 2:07-cv-00572-JCM-GWF

vs.                                    **ORDER**

JAMES KESZEI, *et al*.,

                Defendants.

      Presently before the court is plaintiff Montgomery Carl Akers' motion seeking reconsideration of this court's order denying the motion recuse. Doc. #396. The motion also requests that the court enter an order requiring the warden of the United States Penitentiary at Marion, Illinois, to prove that he and his staff are not tampering with plaintiff's mail. Defendants have not responded.

      The court entered an order dismissing plaintiff's complaint and revoking his *in forma pauperis* status on March 18, 2012. Doc. #377. Plaintiff has appealed that order to the Ninth Circuit Court of Appeals. Doc. #382.

      Despite the pending appeal, plaintiff has continued to file a myriad of motions before this court. He has sought to vacate this court's order dismissing the case, vacate the deadline this court imposed for the payment of filing fees, sought recusal of the undersigned and magistrate judge assigned to the case, and sought reconsideration of several of this court's orders.

      The present motion to reconsider raises issues that are central to this court's revocation of plaintiff's *in forma pauperis* status. These issues are already on appeal. The appeal has divested this court of jurisdiction to reconsider the July 6, 2011, order. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th

Cir. 2001) (once a notice of appeal is filed "jurisdiction over the matter being appealed normally transfers from the district court to the appeals court."); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Accordingly, the court denies plaintiff's motion to reconsider the order on recusal for want of jurisdiction.

Furthermore, the court finds it inappropriate to issue an order to show cause. Plaintiff seeks the order because he contends that his legal mail is being tampered with. This court has recently brought to plaintiff's attention that the motions he has filed have been incomplete. The motions were either missing pages or missing exhibits. While plaintiff continues to accuse the court of chicanery, implying that the court is sabotaging plaintiff's legal efforts by removing pages from plaintiff's motions prior to the motions being uploaded to the court's electronic docket,[1] he also wants to investigate whether the staff at Marion is tampering with plaintiff's legal mail.

Plaintiff has not provided any argument or proof that justifies an order to show cause.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration and order to show case (docs. #396 and #397) be, and the same hereby are, DENIED.

DATED June 28, 2012.

　　　　　　　　　　　　　　　　　　　　　　　／s／ James C. Mahan
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[1] While the court is certain that doing so will cause further accusations by plaintiffs, the court feels it is incumbent upon it to inform plaintiff that his present filing is once again incomplete. The motion purports to attach an exhibit, however, the electronic filing available to this court contains no exhibit. While plaintiff insists that he was told that the clerk's office returns any incomplete filings, plaintiff should recognize that the clerk's office does not read through each motion that is filed to ensure all pages and exhibits are present. Rather, if a motion is filed without a necessary element, such as a certification of service or memorandum of points and authorities, the clerk's office may, but does not always, return the filing to the moving party.